No. 00-682

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 112

STATE OF MONTANA,

Plaintiff and Respondent,

v.

ROGER LEE WELLS,

Defendant and Appellant.

APPEAL FROM: District Court of the Twelfth Judicial District,

In and for the County of Hill,

The Honorable John Warner, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Jeremy S. Yellin, Attorney at Law, Fort Benton, Montana

For Respondent:

Hon. Mike McGrath, Attorney General; Mark W. Mattioli,

Assistant Attorney General, Helena, Montana

David G. Rice, Hill County Attorney; Aileen Miller,

Deputy County Attorney, Havre, Montana

Submitted on Briefs: April 5, 2001
Decided: July 2, 2001

Filed:

_____

Clerk

Justice Terry N. Trieweiler delivered the Opinion of the Court.

¶1 The Defendant, Roger Lee Wells, was charged by Information filed in the District Court for the Twelfth Judicial District in Hill County with driving under the influence, negligent vehicular assault, operation of a motor vehicle without liability insurance in effect and driving while his license was revoked. Wells entered a plea agreement pursuant to which he pled guilty to negligent vehicular assault and driving while his license was revoked in violation of §§ 45-5-205, MCA (1999), and 61-5-212, MCA. The District Court sentenced Wells to a five year term in custody of the Montana Department of Corrections, with no time suspended. Wells appeals his sentence. We affirm the judgment of the District Court.

¶2 Wells raises two issues on appeal:

¶3 (1) Did the District Court adequately explain Well's sentence?

¶4 (2) Did the District Court err when it sentenced Wells?

FACTUAL BACKGROUND

¶5 On March 6, 2000, Roger Lee Wells was driving a vehicle southbound on Highway 87, south of Havre when he veered into the lane of oncoming traffic. Sylvia Denny, driving northbound, was forced off the road by Wells and ended up in a ditch east of the highway. Unfortunately, the car behind Denny, driven by Patrick Whitten, was unable to get out of Well's path and was struck by Wells' vehicle. Whitten sustained serious injuries.

¶6 The Hill County Attorney's office filed an information against Wells and charged Wells with driving under the influence of alcohol or drugs, in violation of §61-8-401, MCA (1999), negligent vehicular assault in violation of §45-5-205, MCA (1999), operation of a motor vehicle without liability insurance in effect, in violation of §61-6-301, MCA, and driving while license is suspended or revoked, in violation of §61-5-212, MCA. Wells entered a plea agreement in which he plead guilty to negligent vehicular assault and

driving while license is revoked. According to the plea agreement, the prosecution agreed to make a non-binding recommendation that Wells receive a five year commitment in the Department of Corrections with all but eighteen months suspended. Wells agreed to abide by all conditions recommended in the presentence investigation and imposed by the DOC as well as pay restitution to the victims.

¶7 At the sentencing hearing, Wells' probation officer Tim Nielson testified that he disagreed with the prosecution's recommendation for sentencing. He believed that 18 months of prison time was insufficient for Wells to overcome his alcohol and drug abuse problems. Furthermore, he stated that restitution would not be possible given the defendant's work and drug abuse history.

¶8 On July 14, 2000, after consideration of the testimony and the evidence before the court, the District Court imposed a five year commitment to the custody of the Department of Corrections without any time suspended.

## DISCUSSION

## ISSUE ONE

¶9 Did the District Court adequately explain Well's sentence?

¶10 This Court reviews a criminal sentence for legality only and will not disturb a district court's sentencing decision absent a showing that the district court abused its discretion. *State v. Clark*, 2000 MT 40 ¶16, 298 Mont. 300 ¶16, 997 P.2d 107 ¶16.

¶11 In *State v. Stumpf* (1980), 187 Mont. 225, 226, 609 P.2d 298, 299, we concluded that a trial court has the discretion to impose the maximum sentence provided by statute. However, "[t]hat a trial court has a right to exercise its discretion does not mean that a trial court should not disclose the reasons underlying a discretionary act. Absent those reasons, we as an appellate court, are left to guess why the trial court made a particular decision." *Stumpf,* 187 Mont. at 226, 609 P.2d at 299.

¶12 Wells contends that, as in *Stumpf*, the District Court failed to provide any rationale for sentencing him. We disagree. The District Court did list several reasons for its decision to sentence Wells to the maximum five year period. In its judgment, the Court explained that.

[t]his was a crime of violence as set forth in §46-18-104, MCA. The possibility of obtaining restitution from the Defendant is slight, at best . . .To protect the public a commitment to the department is required as defendant has a long history of alcohol abuse and past offenses relating to alcohol abuse. Defendant is presently a danger to the community and commitment to the Department of Corrections ensures that the community will be protected for a time.

¶13 The District Court included the nature of the offense and the degree of harm done by Wells. The Court described Wells' history of drug abuse and his inability to pay restitution as well as a concern for the future harm to society. Therefore, we conclude that the District Court did provide a rationale for its five year prison sentence.

## ISSUE TWO

¶14 Did the District Court err when it sentenced Wells?

¶15 Wells contends that even if a rationale was provided by the District Court, the Court still erred when it failed to abide by the prosecutor's recommendations for sentencing.

¶16 Despite a recommendation by the prosecution, the district court retains the authority to impose a greater or lesser sentence than recommended, constrained only by the statutory limitations for that offense. The plea agreement included the following provision:

> I understand that a Pre-Sentence Investigation will be completed and the Probation Officer will make sentencing recommendations to the court. These recommendations may not agree with the recommendations of the Deputy Hill County Attorney. The judge is not bound by any recommendations made and can impose any sentence up to the maximum penalties for the above listed offense. I will not be allowed to withdraw my plea in the event the Judge rejects this plea bargain agreement.

Wells signed this document. His attorney signed it as well, certifying that Wells has either read the document or that he read it to Wells, and explained the agreement to him.

¶17 The District Court sentenced Wells based in part on the testimony of Probation Officer Nielson. Nielson testified that Wells had an extensive criminal history, including misdemeanor offenses related to alcohol, two felony assaults and domestic abuse crimes.

Wells was admitted to a rehabilitation center twice. During the first stay at the rehab center, he was discharged for a failure to cooperate. Although Nielson admitted that Wells was willing to pay restitution, Nielson did not believe that Wells would be capable because his job history was intermittent and unstable. Nielson also testified that:

> he would recommend a five-year placement with the DOC. . .Mr. Wells needs some alcohol treatment and probably some moral recognition therapy. . . An eighteen month sentence would not provide sufficient time, based upon his time incarcerated, and there would be a waiting period for placement in Connections and a pre-release; his time would expire, he would be discharged before these things would be accomplished.

¶18 However, Wells argues that there is a statutory preference for suspending sentences pursuant to §45-5-205, MCA (1999), which states that "the judge may suspend the term of incarceration upon the condition of payment of any fine imposed and of restitution. If the person does not pay the fine or restitution, the term may be imposed." §45-5-205(3)(b), MCA (1999). Section 45-5-205, MCA (1999), does not, by its plain language, provide a preference for suspended sentences. It merely provides the court with the discretion to choose suspension of the sentence if the court deems it appropriate so long as the sentence is within the parameters set forth in the statute. The penalty for negligent vehicular assault provides that a person convicted of the offense "shall be fined an amount not to exceed $10,000 or shall be incarcerated for a term not to exceed five years or both, and shall be ordered to pay restitution as provided in 46-18-241." §45-5-205(2), MCA.

¶19 Sentencing is a matter of discretion with the District Court. The record shows that Wells entered the plea agreement with the knowledge that the District Court could sentence him to the maximum extent. The District Court articulated the reasons for sentencing Wells. We conclude that the District Court did not abuse its discretion when it sentenced Wells.

¶20 We affirm the judgment of the District Court.

/S/ TERRY N. TRIEWEILER

We Concur:

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ PATRICIA COTTER

/S/ JIM RICE