No. 02-119

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 251

STATE OF MONTANA,

           Plaintiff and Respondent,

   v.

IRA THOMAS JOHNSON,

           Defendant and Appellant.

APPEAL FROM:    District Court of the Tenth Judicial District,
                      In and for the County of Fergus,
                      The Honorable E. Wayne Phillips, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

           Carl G. DeBelly, Jr., Attorney at Law, Lewistown, Montana

       For Respondent:

           Hon. Mike McGrath, Attorney General; Micheal S. Wellenstein,
           Assistant Attorney General, Helena, Montana

           Thomas P. Meissner, Fergus County Attorney, Lewistown, Montana

           Submitted on Briefs:  September 5, 2002

               Decided:  November 19, 2002

Filed:

                _____
                          Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court

¶1 A jury found Ira Thomas Johnson guilty of assault with a weapon and not guilty of two counts of partner or family member assault. The Tenth Judicial District Court, Fergus County, sentenced Johnson and entered judgment. Johnson appeals from the sentence and we affirm.

¶2 The issue before us is whether the District Court violated constitutional prohibitions against cruel and unusual punishment in sentencing Johnson to 20 years' imprisonment.

BACKGROUND

¶3 The State of Montana charged Ira Johnson by information with assault with a weapon and two counts of partner or family member assault. A jury ultimately found Johnson guilty of assault with a weapon, but not guilty of the other charges.

¶4 The State's primary witness at trial was Lori Berg. She testified she and Ira Johnson began dating late in 1998. Johnson subsequently moved in with Berg on her ranch. In December of 2000, Johnson and Berg had a baby. During the course of her pregnancy, Berg confided to Sue Irvin, the director of Central Montana Family Planning, that Johnson emotionally abused her. Irvin testified that, on a subsequent visits to the clinic, Berg told her of instances when Johnson had threatened her family and punched a hole in a wall at their house.

¶5 According to Berg, both before and after the baby's birth, she and Johnson kept weapons in the house, some of which were loaded. Johnson often wore a pistol in a holster. Berg testified to a number of instances where Johnson threatened to kill her and her

2

family members, and also slapped or hit her. Johnson attempted to limit Berg's contact with her family, and made particular threats against her brothers. He also made threats involving the baby on multiple occasions, including that he would sell the baby.

¶6 Berg and Johnson often fought about money. Berg testified that Johnson demanded they sell Berg's metal detector so he would have money. She also testified that approximately May 6, 2001, he picked up a 20-gauge shotgun, cocked it, pointed it at her and demanded to know where the metal detector was. She feared he would kill her. He already had made verbal threats to that effect, to the point that Berg–fearing she would be killed–made out a will in March of 2001.

¶7 On May 18, 2001, Berg obtained a restraining order against Johnson and filed a criminal complaint against him with the Fergus County Sheriff's Department. Deputy Sheriff Rick Vaughn met with Johnson to explain the restraining order to him and, according to Vaughn, Johnson responded with threats to kill Berg's family and stated he would try to take the baby and leave.

¶8 Johnson testified in his own defense. He admitted that he used to "give full vent to [his] anger," but denied that he ever slapped Berg or pointed a gun at her. The jury convicted Johnson of the felony offense of assault with a weapon, but found him not guilty of the two misdemeanor counts of partner or family member assault.

¶9 At the sentencing hearing, the State argued that Johnson needed significant time in custody in order to undergo

3

rehabilitation, such as anger-management training. Furthermore, the State requested that, when Johnson is released from custody, he be prohibited from entering central Montana. Johnson asked for leniency, asserting he was not a threat to Berg or her family and pointing out to the court that this was his first criminal offense of any kind.

¶10 The District Court expressed concern that, without rehabilitation, Johnson would be a risk to re-offend in another relationship. It sentenced Johnson to 20 years at the Montana State Prison, with the requirement that Johnson successfully complete an anger-management or similar program. The court also imposed numerous conditions on Johnson during any parole, including no contact with Berg or her family (except as permitted under a possible future child custody order) and no entry into Fergus County or any of the surrounding counties. Johnson appeals.

DISCUSSION

¶11 Did the District Court violate constitutional prohibitions against cruel and unusual punishment in sentencing Johnson to 20 years' imprisonment?

¶12 We review a district court's sentence for legality only and will not disturb a district court's sentence unless the court abused its discretion. *State v. Clark*, 2000 MT 40, ¶ 16, 298 Mont. 300, ¶ 16, 997 P.2d 107, ¶ 16 (citation omitted).

¶13 The jury convicted Johnson of the felony offense of assault with a weapon. Pursuant to § 45-5-213(2)(a), MCA, "a person convicted of assault with a weapon shall be imprisoned in the state

4

prison for a term not to exceed 20 years or be fined not more than $50,000, or both." The District Court sentenced Johnson to 20 years at the Montana State Prison. The sentence is the maximum term authorized by statute, but also is within the statutory parameters.

¶14 The Eighth Amendment to the United States Constitution and Article II, Section 22 of the Montana Constitution both prohibit cruel and unusual punishment. However, we have long held that "a sentence which falls within the statutory maximum is not cruel and unusual punishment." *State v. Tadewaldt* (1996), 277 Mont. 261, 271, 922 P.2d 463, 469 (citations omitted). An exception to that general rule exists in cases where the sentence "is so disproportionate to the crime that it shocks the conscience and outrages the moral sense of the community or of justice." *Tadewaldt*, 277 Mont. at 271, 922 P.2d at 469 (citation omitted). The defendant bears the burden of proving that a sentence falls within this exception. *Tadewaldt*, 277 Mont. at 271, 922 P.2d at 469 (citation omitted).

¶15 Johnson relies generally on *Tadewaldt* and *Clark* for the proposition that aggravating factors must be present to support a sentence at the upper range of sentences available. He asserts no aggravating factors exist in his case because, among other things, his use of a weapon was merely an element of the offense, the victim was not physically harmed and he has no prior criminal record. He argues the absence of aggravating factors supports his position that the *Tadewaldt* exception applies and, therefore, his

sentence is cruel and unusual punishment. Neither of the cases on which Johnson relies support his position.

¶16 In *Tadewaldt*, the defendant was convicted of a felony drug offense. He argued on appeal that a mandatory felony for a college student possessing a small amount of drugs constituted cruel and unusual punishment. We upheld the district court's sentence, which was less severe than the statutory maximum, because we determined the defendant fell "far short of meeting his burden of proving that his sentence is so disproportionate to the crime that it outrages the moral sense of the community or of justice." *Tadewaldt*, 277 Mont. at 271, 922 P.2d at 469. Johnson's argument that we affirmed Tadewaldt's harsh sentence because of the presence of aggravating factors is simply untrue. Tadewaldt actually received "the most lenient sentence possible under the statute." *Tadewaldt*, 277 Mont. at 271, 922 P.2d at 469. Furthermore, we did not address the presence or absence of aggravating factors.

¶17 In *Clark*, the defendant was convicted of several motor vehicle-related offenses. The trial court sentenced Clark within the statutory parameters, but he argued on appeal that his sentences constituted cruel and unusual punishment because they were greatly disproportionate to sentences imposed against other defendants convicted of the same offenses. *Clark*, ¶ 36. We upheld the sentences which were within the statutory limits. *Clark*, ¶¶ 38, 40. We did not discuss the presence or absence of aggravating factors in *Clark*. Indeed, we did not directly address Clark's disproportionality argument at all. We merely affirmed the

6

sentences falling within statutory parameters and noted the district court's proper consideration of Montana's statutory sentencing policy. *Clark*, ¶¶ 38, 40. Neither *Tadewaldt* nor *Clark* support Johnson's position that aggravating factors must be present before the statutory maximum sentence properly can be imposed.

¶18 Johnson also argues that, although his sentence is within the statutory parameters, it "shocks the conscience," thereby falling within the exception described in *Tadewaldt*. In sentencing Johnson, the District Court noted Johnson's "threats to the victim, threats to the victim's child and the Defendant's child, threats to the victim's family, threats of abduction of the child, which really, really weigh[] on this Court very heavily." It also expressed concern that Johnson was a risk to re-offend and ordered that, during any parole, Johnson not be allowed to enter Fergus County or the surrounding counties.

¶19 Given the facts of this case, we simply are not persuaded that Johnson met his burden of proving that his sentence "shocks the conscience" or "outrages the moral sense of the community or of justice." *Tadewaldt*, 277 Mont. at 271, 922 P.2d at 469. Accordingly, we hold that the District Court did not violate constitutional prohibitions against cruel and unusual punishment in sentencing Johnson to 20 years' imprisonment.

¶20 Affirmed.

/S/ KARLA M. GRAY

We concur:

7

/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER
/S/ JIM RICE