

DA 06-0427

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 187

STATE OF MONTANA,

        Plaintiff and Appellee,

   v.

SHERI LEE HERMAN,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC-05-0477
Honorable Gregory R. Todd, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Jim Wheelis, Chief Appellate Defender; Joslyn M. Hunt, Assistant Appellate
Defender, Helena, Montana

        For Appellee:

                Hon. Mike McGrath, Attorney General; Ilka Becker, Assistant Attorney
General, Helena, Montana

                Dennis Paxinos, Yellowstone County Attorney; Ingrid Rosenquist, Deputy
County Attorney, Billings, Montana

                          Submitted on Briefs:  June 15, 2007

                                    Decided:  May 29, 2008

Filed:

                                  Clerk

Justice John Warner delivered the Opinion of the Court.

¶1    Sheri Herman appeals from a judgment in the Thirteenth Judicial District, Yellowstone County, finding her guilty of felony DUI, designating her a Persistent Felony Offender, and sentencing her to seven years at the Montana State Women's Prison.

¶2    We restate the issues on appeal as follows:

¶3    1. Does Herman present a record-based claim of ineffective assistance of counsel based on her counsel's failure to provide the District Court with a recently prepared psychological report?

¶4    2. Did the District Court err because it did not consider the psychological report which was mentioned by Herman at the sentencing hearing?

BACKGROUND

¶5    On May 17, 2005, the State charged Herman with felony driving a motor vehicle under the influence of alcohol, in violation of § 61-8-401, MCA. Herman initially pled not guilty. The State subsequently filed notice of its intent to seek Persistent Felony Offender designation for Herman based on her numerous prior DUI convictions.

¶6    Herman and the State later entered a non-binding plea agreement under which she would plead guilty to felony DUI, not protest the Persistent Felony Offender designation, and the State would recommend an eight-year sentence at the Montana State Women's Prison. Herman pled guilty pursuant to the plea agreement.

¶7    The District Court held a sentencing hearing on February 27, 2006. At the hearing, the District Court had before it a Pre-Sentence Investigation report, which documented Herman's lengthy history of alcohol-related crimes, including seven prior DUI convictions.

2

It also included a letter submitted by her counsel stating that Herman had been attending counseling. Counsel argued to the Court concerning an appropriate sentence. Herman's counsel requested that the District Court impose a five-year term of imprisonment, and the State recommended eight years.

¶8 Herman spoke on her own behalf. She mentioned to the District Court that a psychological evaluation had been prepared which made treatment recommendations for her. Her counsel informed the judge that he was able to provide a copy of the report, although he had not previously given a copy to either the District Court or the State. The judge stated that it was "too late now" for the report and proceeded to designate Herman a Persistent Felony Offender and sentence her to seven years at the Montana State Women's Prison.

¶9 The District Court entered a written judgment on March 7, 2007. Herman now appeals the sentence imposed in the judgment.

## STANDARDS OF REVIEW

¶10 A claim of ineffective assistance of counsel presents mixed questions of law and fact that we review de novo. *State v. Kougl*, 2004 MT 243, ¶ 12, 323 Mont. 6, ¶ 12, 97 P.3d 1095, ¶ 12.

¶11 While the parties have not raised an issue regarding the correct standard of review, we take this opportunity to once again clarify that generally we review the imposition of a sentence for legality only, examining whether it is within the statutory parameters. *State v Vernes*, 2006 MT 32, ¶ 27, 331 Mont. 129, ¶ 27, 130 P.3d 169, ¶ 27. In the past, this Court has stated that we will review a sentence for abuse of discretion. *E.g. State v. Richards*, 285

3

Mont. 322, 324, 948 P.2d 240, 241 (1997). In 1999, the Court held that we will only review sentences for legality, and we will not apply an abuse of discretion standard. *State v. Montoya*, 1999 MT 180, ¶ 15, 295 Mont. 288, ¶ 15, 983 P.2d 937, ¶ 15. Since deciding *Montoya*, we have established two narrow exceptions to this rule. First, if a defendant is sentenced to serve less than one year of actual incarceration, we will review a sentence both for legality and for abuse of discretion. *State v. Herd*, 2004 MT 85, ¶ 22, 320 Mont. 490, ¶ 22, 87 P.3d 1017, ¶ 22. Second, we will review for an abuse of discretion the reasonableness of conditions imposed on probation. *State v. Ashby*, 2008 MT 83, ¶ 9, 342 Mont. 187, ¶ 9, 179 P.3d 1164, ¶ 9.

¶12 Since deciding *Montoya* the Court has occasionally referred to the abuse of discretion standard in considering the appeal of a sentence. *E.g. State v. McCaslin*, 2004 MT 212, ¶ 17, 322 Mont. 350, ¶ 17, 96 P.3d 722, ¶ 17. We overrule our prior cases to the extent they state that this Court will review for an abuse of discretion a sentence which imposes one year or more of actual incarceration and which does not fall within either of the exceptions noted above.[1]

---

[1] This includes the following cases: *State v. Leitheiser*, 2006 MT 70, 331 Mont. 464, 133 P.3d 185; *State v. Chase*, 2004 MT 375, 325 Mont. 64, 103 P.3d 1060; *State v. McCaslin*, 2004 MT 212, 322 Mont. 350, 96 P.3d 722; *State v. Thompson*, 2004 MT 131, 321 Mont. 332, 91 P.3d 12; *State v. Mason*, 2003 MT 371, 319 Mont. 117, 82 P.3d 903; *State v. Gulbranson*, 2003 MT 139, 316 Mont. 163, 69 P.3d 1187; *State v. Johnson*, 2002 MT 251, 312 Mont. 164, 58 P.3d 172; *State v. Meeks*, 2002 MT 246, 312 Mont. 126, 58 P.3d 167; *State v. Kime*, 2002 MT 38, 308 Mont. 341, 43 P.3d 290; *State v. Watson*, 2001 MT 143, 306 Mont. 33, 29 P.3d 1026; *State v. Wells*, 2001 MT 112, 305 Mont. 303, 27 P.3d 47; *State v. Setters*, 2001 MT 101, 305 Mont. 253, 25 P.3d 893; *State v. Horton*, 2001 MT 100, 305 Mont. 242, 25 P.3d 886; *State v. Beavers*, 2000 MT 145, 300 Mont. 49, 3 P.3d 614; *State v. Clark*, 2000 MT 40, 298 Mont. 300, 997 P.2d 107; *State v. Kober*, 1999 MT 264, 296 Mont. 425, 989 P.2d 399; *State v. Rennick*, 1999 MT 155, 295 Mont. 97, 983 P.2d 907; *State v.*

¶13 Herman argues that the procedure employed at her sentencing hearing violated her constitutional rights. This presents a question of law which we review de novo. *State v. Mason*, 2003 MT 371, ¶ 19, 319 Mont. 117, ¶ 19, 82 P.3d 903, ¶ 19.

## DISCUSSION

¶14 Issue 1: Does Herman present a record-based claim of ineffective assistance of counsel based on her counsel's failure to provide the District Court with a recently prepared psychological report?

¶15 Herman claims that her lawyer was ineffective because he did not provide the District Court with a copy of a psychological assessment prior to the sentencing hearing. On direct appeal, we will generally only address a claim of ineffective assistance of counsel if the claim is "record-based." *State v. Batemen*, 2004 MT 281, ¶ 23, 323 Mont. 280, ¶ 23, 99 P.3d 656, ¶ 23. A claim is record-based if "the record fully explain[s] *why* counsel took the particular course of action." *State v. White*, 2001 MT 149, ¶ 20, 306 Mont. 58, ¶ 20, 30 P.3d 340, ¶ 20. If a defendant's claim of ineffective assistance of counsel is not record-based, the defendant must raise the issue not on direct appeal, but in a post-conviction proceeding

*Ommundson*, 1999 MT 16, 293 Mont. 133, 974 P.2d 620; *State v. Baisch*, 1998 MT 12, 287 Mont. 191, 953 P.2d 1070; *State v. Richards*, 285 Mont. 322, 948 P.2d 240 (1997); *State v. Weigle*, 285 Mont. 341, 947 P.2d 1053 (1997); *State v. Pendergrass*, 281 Mont. 129, 932 P.2d 1056 (1997); *State v. Zabawa*, 279 Mont. 307, 928 P.2d 151 (1996); *State v. McQuiston*, 277 Mont. 397, 922 P.2d 519 (1996); *State v. Graveley*, 275 Mont. 519, 915 P.2d 184 (1996); *State v. DeSalvo*, 273 Mont. 343, 903 P.2d 202 (1995); *State v. Graves*, 272 Mont. 451, 901 P.2d 549 (1995); *State v. Henry*, 271 Mont. 491, 898 P.2d 1195 (1995); *State v. Blanchard*, 270 Mont. 11, 889 P.2d 1180 (1995); *State v. Cope*, 250 Mont. 387, 819 P.2d 1280 (1991); *State v. Evans*, 247 Mont. 218, 806 P.2d 512 (1991); *State v. Hurlbert*, 232 Mont. 115, 756 P.2d 1110 (1988); *State v. Almanza*, 229 Mont. 383, 746 P.2d 1089 (1987); *State v. Martinez*, 216 Mont. 270, 700 P.2d 991 (1985); *State v. Lloyd*, 208 Mont. 195, 676 P.2d 229 (1984).

where she can more fully develop the record. *Kougl*, ¶ 14. A more complete record will allow the court to determine whether counsel's actions were ineffective or were simply tactical decisions which we accord wide discretion. *Kougl*, ¶ 14.

¶16 Occasionally, we may address on direct appeal a claim that is not record-based if there is "no plausible justification" for counsel's conduct. *State v. Jefferson*, 2003 MT 90, ¶ 50, 315 Mont. 146, ¶ 50, 69 P.3d 641, ¶ 50. We have noted that the situations when no justification will exist for counsel's actions are "relatively rare." *Kougl*, ¶ 15.

¶17 Herman has not presented a record-based claim of ineffective assistance of counsel. The record shows that Herman's counsel had a copy of the psychological report and had not provided it to the District Court prior to sentencing. The record does not say "why" he chose not to provide it. Because the record does not answer the crucial question of "why," Herman's claim is not record-based and thus not appropriate for direct appeal. *White*, ¶ 20.

¶18 This is not the rare situation, as in *Kougl* and *Jefferson*, where there is no plausible explanation for counsel's decision not to submit the psychological report to the District Court. Counsel may have had good reasons for holding it back. Without the report and counsel's explanation why he did not provide it to the District Court and the State, we cannot know what, if any, justification existed for not submitting the report.

¶19 Herman's ineffective assistance of counsel claim is not record-based. We decline to further consider it on direct appeal. Should she desire, Herman may assert the claim in a petition for post-conviction review.

¶20 Issue 2: Did the District Court err because it did not consider the psychological report mentioned by Herman at the sentencing hearing?

¶21 Herman contends that the District Court committed error in not considering the psychological report before imposing sentence. "Due process requires that an offender be given an opportunity to explain, argue, and rebut any information, including pre-sentencing information, that may lead to a deprivation of life, liberty, or property." *State v. Ferguson*, 2005 MT 343, ¶ 100, 330 Mont. 103, ¶ 100, 126 P.3d 463, ¶ 100 (citing *Mason*, ¶ 21). The defendant has the right to be sentenced on the basis of substantially correct information. *State v. Bar-Jonah*, 2004 MT 344, ¶ 118, 324 Mont. 278, ¶ 118, 102 P.3d 1229, ¶ 118.

¶22 We have consistently held that a defendant has an affirmative duty to bring evidence outside the pre-sentence report to the district court's attention. *Ferguson*, ¶ 100; *State v. Winkle*, 2002 MT 312, ¶ 19, 313 Mont. 111, ¶ 19, 60 P.3d 465, ¶ 19; *State v. Trangsrud*, 200 Mont. 303, 308, 651 P.2d 37, 40 (1982). If a defendant has information she desires the district court to consider in sentencing her, she must move for its admission. If the evidence is not offered, there is no error based on its absence from the record. *State v. Long*, 274 Mont. 228, 235-36, 907 P.2d 945, 949 (1995).

¶23 As stated above, Herman's counsel may or may not have made a legitimate tactical decision when he chose not to provide the District Court with a copy of the psychological evaluation. However, the District Court was not required to insist on reviewing the report simply because Herman mentioned its existence. As in *Long*, the report was never properly

before the District Court, and we will not fault the District Court for not considering it. The

District Court did not err when it did not consider a report that was not before it.

¶24    Affirmed.

/S/ JOHN WARNER

We Concur:

/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS
/S/ JIM RICE