FILED

12/05/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 17-0126

DA 17-0126

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 300N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

WAYNE EDWARD ASBY,

      Defendant and Appellant.

APPEAL FROM:     District Court of the Fourth Judicial District,
                In and For the County of Missoula, Cause No. DC 32-2015-453-IN
                Honorable Karen S. Townsend, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

           Wayne Edward Asby, Self-Represented, Deer Lodge, Montana

      For Appellee:

           Timothy C. Fox, Montana Attorney General, Ryan Aikin, Assistant
           Attorney General, Helena, Montana

           Kirsten H. Pabst, Missoula County Attorney, Jason Marks, Deputy
           County Attorney, Missoula, Montana

                      Submitted on Briefs:  November 8, 2017

                                 Decided:  December 5, 2017

Filed:

                                     Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Wayne Asby (Asby) appeals pro se from a Fourth Judicial District Court's order declining to award Asby credit for time served.  Asby also raises an ineffective assistance of counsel claim on appeal.

¶3     On or about August 8, 2015, Asby was arrested for assaulting his ex-girlfriend.  At the time of his arrest, Asby was on conditional release from the Montana State Prison for a prior offense.  His conditional release was revoked as a result of this offense.  On August 24, 2015, Asby was charged by information with aggravated assault, a felony, and partner or family member assault, a felony.  On July 12, 2016, Asby signed a plea agreement with the State, which was accepted by the District Court.  On January 3, 2017, the District Court sentenced Asby to ten years in the Montana State Prison and dismissed the partner or family member assault charge.  Asby appeals, alleging the District Court erred when it declined to award him credit for time served in jail between revocation of his conditional release in another case and sentencing in this case.  Asby also alleges his trial counsel was ineffective for failing to negotiate credit for time served.

2

¶4      This Court reviews a criminal sentence that imposes a year or more of actual incarceration for legality. *State v. Herman*, 2008 MT 187, ¶ 11, 343 Mont. 494, 188 P.3d 978. We review questions of law de novo. *State v. Garrymore*, 2006 MT 245, ¶ 9, 334 Mont. 1, 145 P.3d 946. Ineffective assistance of counsel claims are mixed questions of law and fact, which we review de novo. *State v. Lucero*, 2004 MT 248, ¶ 12, 323 Mont. 42, 97 P.3d 1106.

¶5      Section 46-18-403(1), MCA, states that "A person incarcerated on a bailable offense against whom a judgment of imprisonment is rendered must be allowed credit for each day of incarceration prior to or after conviction, except that the time allowed as a credit may not exceed the term of the prison sentence rendered." Asby's presentence investigation report states that he served 464 days in jail between his arrest and sentence. Asby argues that these 464 days of incarceration were for a bailable offense and that he is entitled to credit for the entire period between his arrest and sentencing in this case. However, the time served between the revocation of Asby's conditional release and his sentencing was time served in his prior case. The District Court correctly awarded Asby credit for the time served between his arrest and the revocation of his conditional release.

¶6      This Court has adopted a two-part test for ineffective assistance of counsel claims, which was established by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). *Whitlow v. State*, 2008 MT 140, ¶ 10, 343 Mont. 90, 183 P.3d 861. A defendant bears the burden to "prove (1) that counsel's performance was deficient, and (2) that counsel's deficient performance prejudiced the defense." *Whitlow*, ¶ 10. Both prongs of this test must be satisfied. *Whitlow*, ¶ 11.

¶7 Asby argues that his trial counsel was ineffective for failing to incorporate 464 days of time served credit into his plea agreement. Asby also alleges his counsel was ineffective for failing to communicate with him regarding the 464 days of credit, and on the other hand claims his counsel assured Asby this credit would be incorporated into his plea agreement. The record reflects that at the November 17, 2015 hearing before the District Court, Asby's counsel argued that Asby was entitled to 464 days of credit for time served, relying on information provided in the presentence investigation report. However, the District Court disagreed, concluding that Asby was not entitled to the 464 days as credit for time served as he was on inmate status, serving time for his prior offense. Asby does not have a valid ineffective assistance of counsel claim because he cannot establish that he was prejudiced by his counsel's representation.

¶8 The District Court did not err when it declined to credit Asby with 464 days of time served, and Asby's trial counsel was not ineffective.

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶10 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR