No. DA 06-0503

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 102N

STATE OF MONTANA,

Plaintiff and Respondent,

v.

THEODORE A. CASIAS,

Defendant and Appellant.

APPEAL FROM:     The District Court of the Twentieth Judicial District,
In and For the County of Lake, Cause No. DC 2003-070,
Honorable C.B. McNeil, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Theodore A. Casias (pro se), Shelby, Montana

For Respondent:

Hon. Mike McGrath, Montana Attorney General, Carol E. Schmidt,
Assistant Attorney General, Helena, Montana

Robert Long, Lake County Attorney, Mitchell Young,
Deputy County Attorney, Polson, Montana

Submitted on Briefs:  April 4, 2007

Decided:  April 25, 2007

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. Its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Theodore A. Casias (Casias), an inmate at the Crossroads Correctional Center in Shelby, Montana, appeals *pro se* from the District Court's May 15, 2006 Order denying his April 10, 2006 Motion to Withdraw Guilty Plea, and from the court's June 28, 2006 Order Denying Motion to Reconsider its previous decision.

¶3 We affirm the District Court's Orders.

¶4 When reviewing a district court's denial of a motion to withdraw a guilty plea, this Court reviews the district court's findings of fact to determine if they are clearly erroneous and its conclusions of law to determine if they are correct. *State v. Leitheiser*, 2006 MT 70, ¶ 12, 331 Mont. 464, ¶ 12, 133 P.3d 185, ¶ 12.

¶5 On April 10, 2006, Casias, *pro se*, moved to withdraw his guilty plea in Cause No. DC 03-70, Twentieth Judicial District Court, Lake County, Montana. In that cause, Casias pled guilty to assault with a weapon, a felony, and to partner or family member assault, a misdemeanor. As part of his plea, Casias entered into an Acknowledgment of Rights and Plea Agreement on August 14, 2004, which agreement was filed on August 16, 2004. The court's written Judgment and Commitment was filed on October 27, 2004.

¶6     On August 14, 2004, at the time Casias pled guilty, § 46-16-105(2), MCA (2003), provided:

>        At any time before judgment or, except when a claim of innocence is supported by evidence of a fundamental miscarriage of justice, within 1 year after judgment becomes final, the court may, for good cause shown, permit the plea of guilty or nolo contendere to be withdrawn and a plea of not guilty substituted. . . .

¶7     Casias had 60 days in which to appeal his conviction, but did not do so. Therefore, under this statute, he had until December 26, 2005, in which to file a motion to withdraw his guilty plea.  As noted, Casias did not file his motion until April 10, 2006, well beyond the time-bar of the statute of limitations prescribed by § 46-16-105(2), MCA (2003).

¶8     Moreover, while Casias raised in his motion and, now, raises on appeal a number of constitutionally-based arguments, he fails to demonstrate that he is actually innocent of the crimes to which he pled guilty and that a fundamental miscarriage of justice would allow him to move to withdraw his plea notwithstanding that the one-year statute of limitations prescribed by the § 46-16-105(2), MCA (2003), expired.

¶9     Accordingly, we hold that the District Court properly determined that Casias' Motion to Withdraw Guilty Plea was procedurally time-barred under § 46-16-105(2), MCA (2003).

¶10    Having reviewed the record in this matter, we determine to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions.  It is manifest on the face of the briefs and the record before us that the appeal is without merit because the court's

findings of fact are supported by substantial evidence, and because the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted.

¶11 Accordingly, we affirm the District Court's May 15, 2006 Order denying Casias' Motion to Withdraw Guilty Plea, and the court's June 28, 2006 Order denying Casias' Motion to Reconsider.

¶12 Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER
/S/ JIM RICE