DA 06-0332

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 188N

STATE OF MONTANA,

      Plaintiff and Respondent,

  v.

KODIAK QUESNEL,

      Defendant and Appellant.

APPEAL FROM:   District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DC 02-148
Honorable Jeffrey H. Langton, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

        Kodiak Quesnel, *pro se*, Deer Lodge, Montana

      For Respondent:

        Honorable Mike McGrath, Attorney General; Tammy Plubell,
Assistant Attorney General, Helena, Montana

        George Corn, County Attorney, Hamilton, Montana

Submitted on Briefs:  May 16, 2007

Decided:  August 6, 2007

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.   It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and West Group in the quarterly table of noncitable cases issued by this Court.

¶2     Kodiak Quesnel (Quesnel), *pro se*, appeals from the order of the Twenty-First Judicial District Court, Ravalli County, denying his motion to withdraw guilty plea.  We affirm.

¶3     When reviewing a district court's denial of a motion to withdraw a guilty plea, this Court reviews the district court's findings of fact to determine if they are clearly erroneous and its conclusions of law to determine if they are correct.  *State v. Leitheiser,* 2006 MT 70, ¶ 12, 331 Mont. 464, ¶ 12, 133 P.3d 185, ¶ 12.

¶4     On April 17, 2006, Quesnel, *pro se*, moved to withdraw his guilty plea in Cause No. DC 02-148.  In that cause, Quesnel pled guilty to sexual intercourse without consent, a felony, and to sexual assault, a felony, on March 3, 2004.  The court accepted Quesnel's pleas and filed its written judgment on August 9, 2004, imposing a six-year deferred sentence upon Quesnel with numerous conditions.  Thereafter, three petitions to revoke were filed, the first two resulting in revocation and re-sentencing.  The third, resulting

2

from Quesnel's escape from a Billings pre-release center, was dismissed on motion by the State to expedite Quesnel's placement at Montana State Prison on other charges.

¶5 At the time Quesnel entered his guilty pleas, § 46-16-105(2), MCA (2003), provided:

> At any time before judgment or, except when a claim of innocence is supported by evidence of a fundamental miscarriage of justice, within 1 year after judgment becomes final, the court may, for good cause shown, permit the plea of guilty or nolo contendere to be withdrawn and a plea of not guilty substituted.

¶6 Here, the District Court filed its written judgment on August 9, 2004. Quesnel had sixty days in which to appeal his conviction, but did not do so. *See* M. R. App. P. 5(b). Consequently, Quesnel's judgment became final on October 9, 2004, and pursuant to § 46-16-105(2), MCA (2003), he had one year from that date to file his motion to withdraw guilty plea. Quesnel filed his motion on April 17, 2006, well after the one-year statute of limitations under § 46-16-105(2), MCA (2003), had expired.

¶7 Although claiming a miscarriage of justice that would allow filing of his motion beyond the time set forth in the statute, Quesnel has failed to demonstrate that he is actually innocent of the crimes to which he pled guilty. Accordingly, we hold that the District Court properly determined that Quesnel's motion to withdraw guilty plea was time-barred under § 46-16-105(2), MCA (2003).

¶8 Having reviewed the record in this matter, it is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section I.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the findings of

3

fact are supported by substantial evidence, the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted, and there was clearly no abuse of discretion by the District Court.

¶9     We affirm.

/S/ JIM RICE


We concur:


/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER
/S/ JOHN WARNER