DA 12-0372

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 279N

STATE OF MONTANA,

　　　　Plaintiff and Appellee,

　　v.

STEVIE JOE McPHERSON,

　　　　Defendant and Appellant.

APPEAL FROM:　District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC-2011-116
Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

　　　　For Appellant:

　　　　　　Wade Zolynski, Chief Appellate Defender; Lisa S. Korchinski, Assistant
Appellate Defender; Helena, Montana

　　　　For Appellee:

　　　　　　Timothy C. Fox, Montana Attorney General; Pamela P. Collins, Assistant
Attorney General; Helena, Montana

　　　　　　Fred R. Van Valkenburg, Missoula County Attorney; Andrew Paul, Deputy
County Attorney; Missoula, Montana

Submitted on Briefs:　September 11, 2013

Decided:　September 24, 2013

Filed:

_____
Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1	Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2	The State of Montana charged Stevie Joe McPherson in the Fourth Judicial District Court, Missoula County, with three offenses committed on or about March 9, 2011: criminal distribution of dangerous drugs, in violation of § 45-9-101, MCA; criminal possession of dangerous drugs with intent to distribute, in violation of § 45-9-103, MCA; and obstructing a peace officer or other public servant, in violation of § 45-7-302, MCA.

¶3	McPherson and the State entered into a plea agreement under § 46-12-211(1)(c), MCA. The agreement provided that the State would recommend 15 years at Montana State Prison on each of the two drug offenses, with no time suspended, and 6 months on the obstruction offense, all suspended except time served. The three sentences were to run concurrently. The District Court accepted McPherson's guilty pleas as to all three offenses at a change-of-plea hearing held October 11, 2011.

¶4	On January 24, 2012, McPherson—who had since dismissed his public defender and was now representing himself—filed a motion to withdraw his guilty pleas. He alleged that, due to "incompetent" representation by his public defender, he was "pressured to inadvisedly sign the guilty plea agreement on the spot during the October 11 hearing." McPherson claimed that he had not been given an opportunity to consider the terms of the agreement.

2

He further asserted that he had signed the agreement "under duress," based on the "threat of a worse result conveyed to me by my then public defender."

¶5     In response, the State pointed out that the plea agreement had been provided to McPherson five days before the hearing and, thus, McPherson had been given plenty of time to review it. Further, the State argued that McPherson's lengthy criminal history and his status as a persistent felony offender indicated that he is at least somewhat familiar with criminal penalties. The State maintained that McPherson had knowingly entered into the agreement and had obtained a significant reduction of his criminal liability as a result.

¶6     The District Court denied McPherson's motion. In its Order, the District Court set forth the colloquy with McPherson at the October 11, 2011 hearing. Based on this colloquy, the court found no evidence of coercion or any lack of voluntariness in McPherson's guilty pleas. The District Court also set forth the standards for withdrawing a guilty plea under § 46-16-105(2), MCA. *See State v. Brinson*, 2009 MT 200, ¶ 8, 351 Mont. 136, 210 P.3d 164; *State v. Deserly*, 2008 MT 242, ¶¶ 11-13, 344 Mont. 468, 188 P.3d 1057. Applying those standards, the court found that McPherson had acted voluntarily and had failed to show good cause to withdraw his guilty pleas. Quoting *State v. Leitheiser*, 2006 MT 70, ¶ 20, 331 Mont. 464, 133 P.3d 185, the court stated: "[T]he evidence shows he 'voluntarily pled guilty—that is, his defense counsel, the State and the District Court fully advised [McPherson] of the consequences of pleading guilty and did not induce him to enter the [plea] agreement based on threats, misrepresentation or improper promises.' " Finally, the District Court found that McPherson had provided no factual or legal basis for his contention that his public defender was "incompetent." The court ultimately gave McPherson a more

3

lenient sentence on the two drug counts than called for in the plea agreement: he was sentenced to 15 years in prison, but with five years suspended, on each of these counts, to run concurrently.

¶7     On appeal, McPherson (now represented by appellate counsel) acknowledges that his guilty pleas were the result of a plea agreement and that this Court would likely deem the District Court's colloquy "satisfactory." He also acknowledges that the District Court halted the change-of-plea hearing so that defense counsel could talk with him about a change to the terms of the plea agreement. McPherson maintains, nevertheless, that his pleas were entered involuntarily because he did not have the opportunity to consider the terms of the agreement which had been discussed with him just "moments" before he entered his pleas. He claims that he did not understand what the plea agreement meant, and he asserts that his answers at the change-of-plea hearing "were made only for the purpose of satisfying the court." The State responds that McPherson's contentions are not supported by the record and that he has failed to establish good cause to support withdrawal of his guilty pleas.

¶8     As an initial observation, we doubt that a defendant could establish "good cause" for withdrawing his guilty pleas under § 46-16-105(2), MCA, based on the rationale that, although he did not fully understand the terms of his plea agreement with the State, he nevertheless remained silent about this fact and proceeded at the change-of-plea hearing to give answers "only for the purpose of satisfying the court." McPherson's argument in this regard is implausible and unpersuasive. When asked by the court whether he understood the documents he had just signed in open court, McPherson replied, "Yes, sir, Your Honor." When asked whether he had been given adequate time to go over them with his attorney,

4

McPherson replied, "Yep." A defendant cannot be permitted to make such unequivocal representations to the court only to turn around three months later and claim that he in fact did not understand the documents he had signed and did not have adequate time to go over them with his counsel. To hold otherwise would undermine the "good cause" standard.

¶9 As we have stated, " 'allegations of having had certain mental impressions at the time of the plea must be supported by objective proof in the record.' " *Brinson*, ¶ 12 (quoting *State v. Humphrey*, 2008 MT 328, ¶ 23, 346 Mont. 150, 194 P.3d 643). Here, there is no objective proof in the record supporting McPherson's belated and self-serving claims of confusion and coercion. The District Court found that McPherson entered his guilty pleas voluntarily, having been fully advised by his counsel, the prosecution, and the court of the consequences of pleading guilty. McPherson has not shown that the District Court's factual findings are clearly erroneous, and we conclude, applying de novo review, that the District Court's ultimate determination of voluntariness is correct. *State v. Warclub*, 2005 MT 149, ¶¶ 23-24, 327 Mont. 352, 114 P.3d 254.

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The District Court's factual findings are supported by substantial evidence and the legal issues are controlled by settled Montana law, which the District Court correctly interpreted.

¶11 Affirmed.

/S/ LAURIE McKINNON

We Concur:

/S/ MIKE McGRATH
/S/ BRIAN MORRIS
/S/ PATRICIA COTTER
/S/ BETH BAKER