JUSTICE COTTER,
dissenting.
¶26 I respectfully dissent from our decision to affirm the District Court’s denial of Hendrickson’s motion to withdraw his guilty plea.
¶27 The Court concludes that Hendrickson did not meet his burden under the second prong of Strickland and therefore failed to raise “any doubt” regarding the voluntariness of his plea. Opinion, ¶¶ 18, 24. Under Strickland’s second prong, a defendant must show that, but for counsel’s deficient performance, a reasonable probability exists that he would not have entered a plea of guilty. State v. Henderson, 2004 MT 173, ¶ 4, 322 Mont. 69, 93 P.3d 1231; St. Germain v. State, 2012 MT 86, *145 ¶ 11, 364 Mont. 494, 276 P.3d 886 (citation omitted). “A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceedings.” St. Germain, ¶ 11 (citation omitted). Smith’s affidavit clearly establishes that, but for his incorrect advice, there is a “reasonable probability” that Hendrickson would not have pleaded guilty.
¶28 Smith testified he told Hendrickson that “if he was convicted of even a single felony offense, he would face a mandatory, consecutive, 5-100 years in prison for being a persistent felony offender.” Hendrickson was apparently reluctant to sign the plea agreement but eventually did so after his counsel “reiterated ... the good reasons to accept the plea agreement, including that if he proceeded with a guilty plea to the tampering charge concerning Natalie he would not face being designated a persistent felony offender.” Smith testified that he “believes the stated potential application of the persistent felony offender statute was a significant factor in [Hendrickson’s] decision to plead guilty.” These unrefuted statements raise a plain and obvious doubt about the voluntariness of the plea, which must be resolved in favor of Hendrickson. As we stated in Melone, if “there is any doubt that a guilty plea was not voluntarily or intelligently made, the doubt must be resolved in favor of the defendant.” Melone, ¶ 14.
¶29 I find it puzzling that the Court reaches the decision it does, given the correct statements of law set forth in ¶ 15 of the Opinion. As the Court notes, “the actual value of any commitments made to [the defendant] by the court, prosecutor, or his own counsel” are of significant consequence in determining the voluntariness of a plea. Lone Elk, ¶ 21. There is no dispute that Hendrickson’s lawyer incorrectly advised him he would face a PFO designation unless he accepted the plea deal, a fact even the Court is willing to concede. Opinion, ¶ 18. Nor is there any doubt in Smith’s mind that the potential of a PFO sentence was “a significant factor” in Hendrickson’s decision to plead guilty. As the Court further observes in ¶ 15, this Court “will not overturn a district court’s denial of a motion to withdraw a guilty plea if ... his plea was not induced by threats, misrepresentations, or an improper promise such as a bribe.” Warclub, ¶ 32 (citing Brady, 397 U.S. at 755, 90 S. Ct. at 1472) (emphasis added); see also State v. Leitheiser, 2006 MT 70, ¶ 20, 331 Mont. 464, 133 P.3d 185, overruled in part on other grounds, State v. Herman, 2008 MT 187, ¶ 12, 343 Mont. 494, 188 P.3d 978 (A plea is voluntary where defense counsel, the State, and the District Court have fully advised the defendant of the consequences of his plea and “did not *146 induce Mm to enter the agreement based on threats, misrepresentation or improper promises.”). I find it impossible to reconcile the Court’s concession that Hendrickson’s lawyer misrepresented the consequences Hendrickson faced if he did not accept the plea deal with its conclusion that Ms plea was nonetheless voluntary.
¶30 The Court reasons that Hendrickson received a significant “benefit of the bargain,” and that “Smith correctly explained to Hendrickson that there was a substantial risk of sigmficantly more pumshment if the plea was rejected.” Opimon, ¶ 22. WMle tMs may be true, the Court misses the point. Hendrickson had the right to evaluate Ms options and Ms prospects free of misrepresentations. He had the right to make a fully informed choice, even if that choice might not turn out to be in Ms best interests. It is not tMs Court’s prerogative to rationalize away an involuntary guilty plea because it might have been the wisest course for the defendant to take. Where a plea is entered on the basis of a misrepresentation, under the foregoing authorities the proper course is to allow the defendant to withdraw Ms guilty plea. Because Smith’s advice was clearly wrong and Hendrickson acted upon it, Hendrickson’s plea was not voluntary. I would therefore hold that the District Court erred in denying Hendrickson’s motion to withdraw Ms guilty plea.
JUSTICE McKINNON joins in the dissenting Opinion of JUSTICE COTTER.